IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jeffrey Degree, #308714, | ) | C/A No. 8:18-2140-BHH-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| South Carolina Department of Corrections, | ) | |
| Warden Bush, SCDC Officer on Duty Shift, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Jeffrey Degree ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights have been violated.  Plaintiff is currently incarcerated at the Kirkland Correctional Institution ("Kirkland"), and he files this action in forma pauperis under 28 U.S.C. § 1915.  The Complaint is subject to summary dismissal.

## BACKGROUND

This action arises from the loss of Plaintiff's personal property while in prison.  [Doc. 1.]  Plaintiff alleges the following facts.  Plaintiff was placed on suicide watch on January 30, 2017, while an inmate at the Broad River Correctional Institution ("Broad River").  [*Id.* at 8.]  Plaintiff was on suicide watch for about two months, and he was transferred to Kirkland from Broad River.  [*Id.*]  On April 3, 2017, Plaintiff realized that his personal property was not shipped with him to Kirkland, and he informed the commissary the next day. [*Id.*] Plaintiff contends his property was never inventoried and was never shipped to Kirkland. [*Id.*]  Defendants, according to Plaintiff, "negligently failed to follow rules and regulations" [*id.*], thereby violating his 14th Amendment rights due to "negligent deprivation" of his personal property, which included his legal work, his son's pictures, and obituaries of his uncle and grandmother [*id.* at 4].  As a result, Plaintiff has suffered mental and

emotional injury and he has been unable to fight his legal case. [*Id.* at 9.] Further, since the incident, Plaintiff has been hearing voices and is depressed and stressed out. [*Id.*] For his relief, Plaintiff seeks money damages for the loss of his property and for pain and suffering. [*Id.*] Plaintiff contends he attempted to file grievances but that the grievance process is "broken." [*Id.* at 10–12.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the in forma pauperis statute, which authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal

2

construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's core allegation is that Defendants negligently deprived Plaintiff of his personal property by failing to inventory and ship his personal property to his new prison assignment; however, this does not state a claim upon which relief may be granted. The

3

Supreme Court has held that deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983.  *See Daniels v. Williams*, 474 U.S. 327 (1986); *Baker v. Stevenson*, No. 8:13-cv-466-JFA-JDA, 2013 WL 4866337, at *1 (D.S.C. Sept. 11, 2013). Negligence, in general, is not actionable under 42 U.S.C. § 1983.  *See Ruefly v. Landon*, 825 F.2d 792, 793–94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, 75–78 (4th Cir. 1995). Moreover, § 1983 does not impose liability for violations of duties of care arising under state law.  In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation."  *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 200–03 (1989).  The Fourth Circuit Court of Appeals has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss.  *See Mora v. City of Gaithersburg*, 519 F.3d 216, 230–31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561–63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183–84 (4th Cir. 1986).

The case law is clear that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process; in other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated.  *See King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986); *Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D. Ill.1987).

In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss.  Plaintiff's negligence claim relating to his lost property may be cognizable under the South Carolina Tort Claims Act, S.C. Code

4

Ann. § 15-78-10 *et seq.* Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Thus, Plaintiff cannot pursue a claim under the South Carolina Tort Claims Act in this Court.

Furthermore, while Plaintiff does not allege intentional property deprivation, even "an *intentional* deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available." *Hammond v. Dean*, No. 3:07-cv-654-SB, 2007 WL 3002362, at *2 (D.S.C. Oct. 9, 2007) (citing *Hudson v. Palmer*, 468 U.S. 517 (1984)). Thus, even if Defendants intentionally destroyed or took Plaintiff's property, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson*, 468 U.S. at 530–36 (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230–31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate); *see also Samuel v. Ozmint*, No. 3:07-cv-178-PMD-JRM, 2008 WL 512736, *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, No. 9:06-cv-3392-

5

PMD-GCK, 2007 WL 2288123, *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Accordingly, Plaintiff can bring an intentional tort civil action in the South Carolina state courts.   Therefore, Plaintiff's § 1983 claim based on any intentional loss of personal property fails to state a claim upon which relief may be granted.

Additionally, Plaintiff's allegation that Defendants' misconduct violated SCDC institutional policy does not state a claim for a constitutional violation.  *See Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (finding that violations of prison rules which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corr.*, C/A No. 3:06-2062-CMC-JRM, 2007 WL 904826, *12 (D.S.C. March 21, 2007) (noting that the failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation).   Accordingly, Plaintiff has failed to allege any plausible claim under § 1983.

## RECOMMENDATION

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

August 14, 2018
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).